UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

CHRISTOPHER BERNARD WILLIAMS,

        Plaintiff,

v.                                       Case No. 23-CV-1013

GOVERNOR TONY EVERS
And SECRETARY KEVIN CARR,

        Defendants.

─────────────────────────────────────────────

### ORDER

─────────────────────────────────────────────

Plaintiff Christopher Bernard Williams, who is confined at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Williams also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) This order resolves that motion and screens Williams's complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Williams was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He

must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On July 28, 2023, Williams filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On August 29, 2023, the court ordered that Williams shall pay $22.38 as an initial partial filing fee by September 28, 2023, (ECF No. 10.) Williams paid the fee on September 19, 2023. The court will grant Williams's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

## SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing

2

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Williams's Allegations*

Williams alleges that, while he was incarcerated at the Milwaukee Secure Detention Facility, the Wisconsin Department of Corrections (DOC) discriminated against him because he is Jewish. (ECF No. 1 at 2.)

*Analysis*

Williams names Governor Tony Evers and DOC Secretary Kevin A. Carr as defendants but does not explain in what way they discriminated against him or how

3

they are liable for the discrimination against him. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specifically allege what each individual defendant did (or did not do) to violate his constitutional rights.

The court notes that, in the body of his complaint Williams states that he is bringing a claim against the DOC. The DOC is a state agency, and claims against a state agency are "no different from a suit against the State itself," so the court will construe the claim involving the DOC as a claim against the State of Wisconsin. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).

Section 1983 allows suits against "persons." A state is not a "person" from whom a plaintiff can recover monetary damages under § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. Of Ga.*, 535 U.S. 613, 617 (2002); *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003). A State may be considered a "person" under § 1983 where the plaintiff seeks injunctive relief and alleges that the State itself is responsible for the violation of his constitutional rights because of a practice, custom, or policy. *Will*, 491 U.S. at 71 n. 10. However, Williams does not describe how the DOC discriminated against him.

4

Thus, he fails to state a claim upon which relief may be granted. However, because the Seventh Circuit Court of Appeals has emphasized that the district court generally must afford a plaintiff at least one opportunity to amend his complaint, *see Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022), Williams may file an amended complaint by **November 10, 2023.** In his amended complaint Williams should explain how the defendants discriminated against him. He should include dates when the discrimination happened, who discriminated against him, and what they did or did not due because he is Jewish. If he does not know the name of the individuals responsible, he may use a John or Jane Doe placeholder. If his case survives screening, he will get an opportunity to use discovery to uncover their real identity.

Williams is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the court will dismiss the action based on Williams's failure to state a claim in his original complaint. The court will enclose an amended complaint form along with this decision. Williams must use the form. If he needs more space, he may attach up to five additional pages.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Williams's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDRED** that on or before **November 10, 2023**, Williams may file an amended complaint. If the court does not receive an amended complaint by that date, it will dismiss this action based on the complaint's failure to state a claim.

**IT IS FURTHER ORDERED** that the agency having custody of Williams shall collect from his institution trust account the $327.62 balance of the filing fee by collecting monthly payments from Williams's prison trust account in an amount equal to 20 percent of the preceding month's income credited to Williams's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Williams is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Williams is confined.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Williams a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Williams is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Williams is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Williams's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin this 11th day of October, 2023.

BY THE COURT

_William E. Duffin_
WILLIAM E. DUFFIN
United States Magistrate Judge