UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER BERNARD WILLIAMS,

        Plaintiff,

v.                                                      Case No. 23-CV-1013

WARDEN JOHN DOE,
DEPUTY WARDEN JOHN DOE,
SGT. HDRA, and TEXT BEHIND, LLC,

        Defendants.

## ORDER

Plaintiff Christopher Bernard Williams, who is confined at the Milwaukee Secure Detention Facility (MSDF) and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) On October 11, 2023, the court screened Williams's complaint and found he failed to state a claim upon which relief could be granted. (ECF No. 11.) However, the court gave Williams an opportunity to amend his complaint. Williams filed an amended complaint on October 19, 2023. (ECF No. 12.) This order screens the amended complaint.

The court has jurisdiction to screen the amended complaint in light of Williams's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge

jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## SCREENING OF THE AMENDED COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Williams's Allegations*

Williams's amended complaint is hard to read, vague, and at times rambling. However, the court is able to discern that, while Williams was incarcerated at MSDF, he was unable to receive a booklet in the mail from House of Yahweh. (ECF No. 12 at 3.) Defendant Text Behind, LLC, who MSDF has delegated the task of reviewing prisoner mail, denied Williams the booklet on three separate occasions, stating that it was being denied because it was a booklet. (ECF No. 12-1.) Williams alleges that he is being denied the booklet because he is Jewish. (ECF No. 12 at 3.) However, he does not provide details as to why he believes he is being discriminated against based on his religion.

*Analysis*

Williams's assertions of wrongdoing are vague. He states he believes that Text Behind is withholding his mail because he is Jewish. However, other than asserting that Text Behind refused to provide him with a booklet from a company

3

that has a religious-sounding name, he does not explain why he believes Text Behind withheld his mail is because he is Jewish. A complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, the exhibits, which are referenced in the amended complaint and thus a part of the amended complaint, *see* Fed. R. Civ. P. 10(c), indicate that the materials were withheld because they were stapled booklets. (ECF No. 12-1.)

As for the Doe defendants and Sgt. Hdra, Williams does not allege what they did or did not do to prevent him from receiving his mail or describe how they discriminated against him. As the court stated in its original screening order, in order to state a claim under § 1983 Williams must describe in what way he was discriminated against and how each defendant is responsible for that discrimination. (ECF No. 11 at 3-4.) Williams failed to do so in his amended complaint. As such, his fails to state a claim upon which relief may be granted and his case is dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that Williams has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

4

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 14th day of November, 2023.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge